# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant TERRACE L. SOLOMON**
**United States Army, Appellant**

ARMY 20160456

Headquarters, United States Army Alaska
Sean F. Mangan, Military Judge
Colonel James A. Barkei, Staff Judge Advocate

For Appellant: Captain Catherine E. Godfrey, JA; Zachary Spilman, Esquire (on brief, reply brief, and motion for reconsideration); Major Jack D. Einhorn, JA; Captain Catherine E. Godfrey, JA; Zachary Spilman, Esquire (on additional motion for reconsideration).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Captain Christopher T. Leighton, JA (on brief); Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Christopher T. Leighton, JA (on reply to motion for reconsideration).

20 May 2020

------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

On reconsideration of our second review of appellant's case under Article 66, UCMJ, we affirm our 10 March 2020 decision to dismiss Specification 2 of Charge III and reassess appellant's sentence.[1]

---

[1] An enlisted panel sitting as a general court-martial convicted appellant contrary to his pleas of two specifications of violating an order from a superior commissioned officer, two specifications of insubordinate conduct towards a superior

(continued . . .)

Appellant raised eight assignments of error in our first review under Article 66, UCMJ.[2] *See United States v. Solomon*, ARMY 20160456, 2019 CCA LEXIS 149 (Army Ct. Crim. App. 3 Apr. 19) (mem. op.). We issued a lengthy memorandum opinion affirming, dismissing, and setting aside various specifications and setting aside the sentence. *Id.* at * 36-37 We remanded the case and provided the same or a different convening authority with two options: "1) order a rehearing on Specification 2 of Charge III and the sentence; or 2) dismiss Specification 2 of Charge III and reassess the sentence, affirming no more than a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1."[3] *Id.* at *37. As to the second option, we stated:

> In reassessing the sentence, we are satisfied that the
> sentence adjudged on the offenses we affirm would have
> been at least a bad-conduct discharge, confinement for

---

(. . . continued)
noncommissioned officer, one specification of assault consummated by a battery of a child under the age of sixteen, three specifications of assault consummated by a battery, one specification of simple assault, and one specification of using language that was prejudicial to good order and discipline and was of a nature to bring discredit on the armed forces, in violation of Articles 90, 91, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 891, 928, 934 [UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for twelve years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the findings of guilty to one of the specifications of assault consummated by a battery and the specification of using language that was prejudicial to good order and discipline and was of a nature to bring discredit on the armed forces. The convening authority approved only so much of the sentence extending to a dishonorable discharge, confinement for three years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also credited appellant with 243 days of pretrial confinement credit against the sentence to confinement.

[2] We determined two alleged errors merited discussion; one of which merited relief. We determined one of the two matters filed by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), merited relief. *Solomon*, 2019 CCA LEXIS 149, at *3, 37.

[3] As to any sentence to confinement, appellant was credited with the 243 days of pretrial confinement credit originally granted at trial and with an additional 86 days of confinement credit for the government's noncompliance with Rule for Courts-Martial (R.C.M.) 305. *Id.* at *37.

> twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). This reassessment, being both appropriate and purging the record as it stands of error, does not otherwise limit the sentence that may be adjudged at a rehearing. *See* UCMJ, art. 63.

*Id.* at *37 n. 23.

In September 2019, the convening authority selected our second option by dismissing Specification 2 of Charge III, reassessing the sentence, and approving a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

During our second review of appellant's case pursuant to Article 66, UCMJ, appellant renewed seven assignments of error previously raised during our initial review and asserted three new assignments of error. We issued an opinion discussing one of appellant's new assignments of error asserting the convening authority was not authorized to reassess appellant's sentence after this court set aside the sentence.[4] *See United States v. Solomon*, ARMY 20160456, 2020 CCA LEXIS 64 (Army Ct. Crim. App. 10 Mar. 20) (summ. disp.). We held that even if this court erred in granting the convening authority the ability to reassess appellant's sentence, this court does possess the authority to reassess appellant's sentence under Article 66, UCMJ. *Solomon*, 2020 CCA LEXIS 64, at *3-4. Accordingly, we dismissed Specification 2 of Charge III and reassessed the sentence in accordance with the principles set forth in *Sales*, 22 M.J. 305, 308 and *Winckelmann*, 73 M.J. 11, 15-16.

Appellant requests this court reconsider its 10 March 2020 decision with a suggestion for en banc reconsideration.[5] Appellant argues the convening authority's action after our initial remand is invalid and that this court's 10 March 2020

---

[4] We fully and fairly considered all of appellant's other assignments of error and the matter raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and found they merited neither discussion nor relief. *Solomon*, 2020 CCA LEXIS 64, at *4 n. 2.

[5] The court did not adopt appellant's suggestion for en banc reconsideration. We fully and fairly considered appellant's other assignment of error raised during his reconsideration request and find it merits neither discussion nor relief.

decision is also invalid requiring a new convening authority action. Although we agree that our remand was impermissible, we affirm our 10 March 2020 decision in which we lawfully exercised this court's authority pursuant to Article 66, UCMJ, to dismiss Specification 2 of Charge III and reassess appellant's sentence.

## LAW AND DISCUSSION

After this court's 10 March 2020 decision and appellant's request for reconsideration, the Court of Appeals for the Armed Forces (CAAF) issued two decisions addressing issues similar to appellant's claim in his request for reconsideration. *See United States v. Gonzalez*, __ M.J.__, 2020 CAAF LEXIS__ (C.A.A.F. 24 Apr. 2020); *United States v. Wall*, __M.J.__, 2020 CAAF LEXIS__ (C.A.A.F. 24 Apr. 2020). In *Wall*, the CAAF held that the Court of Criminal Appeals (CCA) does not have the authority to conduct a sentence reassessment after setting aside the sentence. __M.J.__, 2020 CAAF LEXIS __, at *1, 8-10. Further, the CAAF held that the CCA does not have authority to impose a sentence cap after setting aside the sentence and remanding to the convening authority. *Id*. at *8-10. In *Gonzalez*, the CAAF held that the permissible actions for the CCA after setting aside a specification are: "(1) dismiss the [set aside specification] and reassess the sentence; or (2) remand to the convening authority who shall (a) order a rehearing on the [set aside specification] and the sentence or (b) dismiss the [set aside specification] and order a rehearing on the sentence alone." __ M.J.__, 2020 CAAF LEXIS__, at *6-7.

In light of our Superior Court's decisions in *Wall* and *Gonzalez*, we have reconsidered our decisions in appellant's case. Our 3 April 2019 decision impermissibly authorized the convening authority to reassess appellant's sentence after this court set aside the sentence and impermissibly imposed a sentence cap on the convening authority. *See Wall*, __ M.J. __, 2020 CAAF LEXIS __, at *1, 8-10; *Gonzalez*, __ M.J. __, 2020 CAAF LEXIS __, at *5. Accordingly, we will follow one of the permissible actions outlined by the CAAF in *Gonzalez*: dismiss the set aside specification, Specification 2 of Charge III, and reassess appellant's sentence.[6]

We have again closely reviewed appellant's record of trial and are satisfied that the sentence adjudged for the offenses we affirm would have been at least a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and

---

[6] The court is acting with respect to the findings and sentence as approved by the convening authority in the original action in this case on 27 March 2017. *See* art. 66(c), UCMJ.

4

allowances, and reduction to the grade of E-1.[7] *See Winckelmann*, 73 M.J. at 15-16; *Sales*, 22 M.J. at 308.

## CONCLUSION

Specification 2 of Charge III is DISMISSED. The remaining findings of guilty we AFFIRMED in our opinion of 3 April 2019 are REAFFIRMED. We reassess the sentence and affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. As to any sentence to confinement, appellant will be credited with the 243 days of pretrial confinement credit originally granted at trial and with an additional 86 days of confinement credit for the government's noncompliance with Rule for Courts-Martial 305.

Senior Judge BURTON and Judge RODRIGUEZ concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[7] Appellant submitted an "Additional Motion for Reconsideration and Reconsideration En Banc," in which appellant raised for the first time that "[a]ny [sentence] reassessment [by this court] is an abuse of discretion." We gave this claim full and fair consideration and find it lacks merit.